United States District Court
Southern District of Texas
**ENTERED**
September 27, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MOHAMMAD TARIK KHANZAI, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-15-3317 |
| § | |
| LANCE BASH and CNM ENTERPRISES, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

This personal-injury suit arises from a car accident between Mohammad Khanzai, the plaintiff, and Lance Bash, the defendant. Khanzai contends that when the collision occurred, Bash was acting within the scope of his employment with CNM Enterprises d/b/a Whitestone Logstics, which is also sued in this case. The defendants have moved for summary judgment, (Docket Entry No. 21). Khanzai has responded and moved to withdraw and amend the deemed admissions that are the basis of the summary-judgment motion, (Docket Entry No. 25).

Bash sent his first set of discovery requests, including the requests for admission, on April 21, 2016. Khanzai's responses were due on May 23, 2016. The deadline came and went. Khanzai, citing a clerical error, turned in the responses to the requests 44 days later, on July 6, 2014. (Docket Entry No. 22; Docket Entry No. 25 at p. 2).

Under Federal Rule of Civil Procedure 36(a)(3), a written answer or objection to a request for admission must be filed within 30 days after service unless a longer time for responding is stipulated under Rule 29 or the court orders it. *See* FED. R. CIV. P. 36(a)(3). A failure to file a timely response results in the matter being "admitted." *Id.*; *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir. 1991); 8B CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2262 (3d ed. 2010). A failure to object or answer requests for

admission within the deadline, or to move for additional time without a stipulated extension, deems the requests admitted. *See* FED. R. CIV. P. 36(a)(3); 8B FEDERAL PRACTICE & PROCEDURE § 2259; *see also, e.g.*, *In re Carney*, 258 F.3d 415, 418–19 (5th Cir. 2001) (party's failure to respond to requests for admission within the Rule 36 deadline deemed the requests admitted).

The deemed admissions serve as the basis for the defendants' summary-judgment motion. (Docket Entry No. 21). Khanzai moves to withdraw the deemed admissions under FED. R. CIV. P. 36(b). (Docket Entry No. 26). He also belatedly objects that the requests for admission called for legal conclusions and were vague. (*See* Docket Entry No. 26 at p. 2–4); *see, e.g.*, *Warnecke v. Scott*, 79 F. App'x 5, 6 (5th Cir. 2003) (per curiam) (citing *In re Carney*, 258 F.3d at 419); 8B FEDERAL PRACTICE & PROCEDURE § 2255.

A court has discretion to grant an untimely motion to withdraw or amend the admissions if it would "promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." FED. R. CIV. P. 36(b). Both factors support granting Khanzai's motion for relief and denying the summary-judgment motion as a result.

Permitting the withdrawal of the admissions and amendment of the responses allows the parties to present the merits, which is far better than having the court decide based on a party's failure to respond within a deadline. FED. R. CIV. P. 36(b). The admissions "directly bear on the merits of the case," *S.E.C. v. AmeriFirst Funding, Inc.*, No. 3:07-cv-1188-D, 2008 WL 2073498, at *2 (N.D. Tex. May 13, 2008), and "go directly to the ultimate question" of negligence, contradicting allegations in the complaint. *Young v. Green*, No. CIV. A. H-11-1592, 2012 WL 3527040, at *3 (S.D. Tex. Aug. 15, 2012) (quoting *Lyons v. Santero*, No. CV-07-02773-MMM(VBK), 2011 WL 3353890, at *3 (C.D. Ca. May 11, 2011)). Because "upholding the admissions would practically eliminate any presentation of the merits of the case," the first half of Rule 36(b) is satisfied. *Id.*

2

The absence of prejudice to Bash and CNM Enterprises also favors allowing withdrawal of the deemed admissions. Bash and CNM invoke a frequent Rule 36(b) argument: admitting the facts established by the deemed admissions simplifies the presentation of evidence; allowing the plaintiff to withdraw all of the admissions requires the defendants "to establish each fact that has already been admitted." (Docket Entry No. 27 at p. 6–7). That argument does not show the necessary prejudice. "That it would be necessary for a party to prove a fact that it would not otherwise be obligated to prove if the matter were deemed admitted does not constitute the kind of prejudice contemplated by Rule 36(b)." *AmeriFirst Funding*, 2008 WL 2073498, at *2 (citation omitted). "The need for discovery to obtain evidence necessary for dispositive motions on the merits or for trial is not a sufficient ground for finding prejudice." *Young*, 2012 WL 3527040, at *3.

This case does present a sad complication. Since the admissions were deemed admitted, the plaintiff, Khanzai, has died. Bash and CNM argue that withdrawing the admissions now will prejudice them because they did not depose Khanzai before he died. (Docket Entry No. 27 at p. 7).

"Courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Am. Auto. Ass'n.*, 930 F.2d at 1120 (citing *Brook Village North Assocs. v. General Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)). In *Brook Village*, the court noted that "the unavailability of [a] key witness[]" may support denying a Rule 36(b) motion. 686 F.2d at 70. The record here shows that the unavailability of Mr. Khanzai as a witness is far more likely to harm the plaintiff's case than the defendants'; that is not prejudice to the defendants under Rule 36(b). *See Raiser v. Utah Cty.*, 409 F.3d 1243, 1246 (10th Cir. 2005) ("The prejudice contemplated by Rule 36(b) . . . relates to the difficulty a party may face in proving its case . . . ."). And, as the parties note, there are still eight months in the discovery period, allowing Bash and CNM to explore and

exploit other sources of information about Mr. Khanzai relevant to the claims and defenses pleaded in this case.

Even if the Rule 36(b) requirements are met, a district court retains "discretion to deny a request for leave to withdraw or amend an admission." *In re Carney*, 258 F.3d at 419. The withdrawal here is well in advance of trial and before the defendants have built their trial strategy. Although Mr. Khanzai's death makes the discovery more difficult, the difficulty is primarily for the plaintiff. Any prejudice to the defendants can be ameliorated or reduced by allowing additional discovery. The added work is far better than essentially granting the defendants a summary judgment by default.

The court grants the plaintiff's motion to withdraw and amend the deemed admissions, (Docket Entry No. 26), and denies the defendants' motion for summary judgment, (Docket Entry No. 21). The hearing set for October 4, 2016 is cancelled.

SIGNED on September 27, 2016, at Houston, Texas.

                                           Lee H. Rosenthal
                                           United States District Judge