United States District Court
Southern District of Texas

**ENTERED**

March 24, 2017

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MOHAMMAD TARIK KHANZAI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-3317 |
| | § | |
| LANCE BASH and CNM ENTERPRISES, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The plaintiff, Mohammad Tarik Khanzai, died in July 2016. Plaintiff's counsel moves to substitute Khanzai's estate as the plaintiff under FED. R. CIV. P. 25(a)(1). (Docket Entry No. 35). Rule 25 requires that a motion for substitution be made by a party or "by the decedent's successor or representative." FED. R. CIV. P. 25(a). Courts have interpreted this to require that the substitution be of a legal representative. *Adams v. Patel*, No. CIV.A. H-09-02283, 2010 WL 183914, at *2 (S.D. Tex. Jan. 11, 2010) (citing *Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir.1999) ("Although it is generally accepted that the proper party for substitution must be a 'legal representative' of the deceased, the addition of the word 'successor' to the rule means that a proper party need not necessarily be the appointed executor or administrator of the deceased party's estate. Thus, we have held not only that an executor or administrator of a decedent's estate is a proper party for substitution, but also that the distributee of a decedent's estate may be a 'successor' of an estate that has been distributed and thus can be a proper party.").

The motion to substitute parties is denied without prejudice.  No later than April 14, 2017, the plaintiff must refile the motion to substitute parties and name a legal representative of Khanzai's estate as the proper party under Rule 25(a)(1).

SIGNED on March 24, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge